## CIVIL ACTION NO.  4:22-cv-321

---

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

---

JMV Holdings, LLC,
Debtor, Bankruptcy Case No. 18-42552

---

Jennifer C. Ruff, Appellant
v.
Suzann Ruff and Christopher Moser, Trustee, Appellees

---

Appeal from the United States Bankruptcy Court
Eastern District of Texas, Sherman Division
Related to Adversary Proceeding No. 21-04003

---

## BRIEF OF APPELLEES

---

Dennis Olson
State Bar No 15273500
1412 Main Street, Suite 2600
Dallas, Texas 75202
(214) 460-7179 (Telephone)
denniso@dallas-law.com

**ATTORNEYS FOR APPELLEE,
SUZANN RUFF**

Christopher J. Moser
State Bar No. 14572500
Quilling, Selander, Lownds,
Winslett & Moser, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 880-1805 (Telephone)
cmoser@qslwm.com

**ATTORNEYS FOR APPELLEE,
CHRISTOPHER J. MOSER,
TRUSTEE**

## CORPORATE DISCLOSURE STATEMENT

Appellees, Suzann Ruff and Christopher J. Moser, Chapter 7 Trustee of the bankruptcy estate of JMV Holdings, LLC, are natural persons who are not required to make a corporate disclosure pursuant to Fed. R. App. P. 26.1 and/or Fed. R. Civ. Proc. 7.1.

## CERTIFICATE OF INTERESTED PERSONS

The undersigned certifies that the persons and entitles listed below have an interest in the outcome of this case.

1. **Jennifer C. Ruff (Appellant)**
   Counsel
   Joyce W. Lindauer, Esq.
   Joyce W. Lindauer Attorney, PLLC
   1412 Main Street, Suite 500
   Dallas, Texas 75202

2. **Suzann Ruff (Appellee)**
   Counsel
   Dennis Olson, Esq.
   1412 Main Street, Suite 2600
   Dallas, Texas 75202

3. **Christopher J. Moser, Chapter 7 Trustee (Appellee)**
   Counsel
   Christopher J. Moser, Esq.
   Quilling, Selander, Lownds, Winslett & Moser, P.C.
   2001 Bryan Street, Suite 1800
   Dallas, Texas 75201

## TABLE OF AUTHORITIES

CASES                                                                PAGE NO.

*Andrews & Kurth L.L.P. v. Family Snacks, Inc. (In re Pro-Snax Distribs., Inc.),*
157 F.3d 414, 420 (5th Cor. 1998) .........................................................................7

*Tummel & Carroll v. Quinlivan (In re Quinlivan)*, 434 f3d. 314 318
(5th Cir. 2005) .............................................................................................7

*Webb v. Resrv. Life Co. (In re Web),* 954 F.2d 1102, 1104 (5th Cir. 1992) .............7

*Hibernia Nat'l Bank v. Perez (In re Perez),* 954 F.2d 1026 (5th Cir. 1992) .............7

*Taylor v. Sturgell,* 552 U.S. 880, 891 ,128 S.Ct. 2161, 171 L.Ed2d 155 (2008) ...11

*Test Masters Educational Services, Inc. v. Singh,* 428 f3d 559,571
(5th Cir. 2005) ..............................................................................................11

*Anderson, Clayton & Co. U.S.,* 562 F.2d 972, 992-93 (5th Cir. 1977) ...................12

*Universal Am. Barge Corp. V.J-Chem, Inc.,* 946 F.2d 1131, 1136
(5th Cir. 1991) ..............................................................................................12

*Pancake v. Reliance Ins. Co. (In re Pancake),* 106 F.3d 1242, 1244
(5th Cir. 1997) ..............................................................................................12

*Stine v. Stewart,* 80 S.W.3d 586,589 (Tex. 2002) ..................................................14

*S. Tex. Water Auth. v. Lomas,* 223 S.W.3d 304, 306 (Tex. 2007) .........................14

*Tawes v. Barns,* 340 S.W.3d 419, 425 (Tex. 2011) ..............................................14

*Amstad v. U.S. Brass Corp,* 919 S.W.2d 644 (Tex. 1996) ....................................15

*Cox v. Nueces Cnty.,* 839 F.3d 418, 421 (5th Cir. 2016) .......................................15

*McKinley v. McKinely,* 496 S.W. 540, 543 (Tex.1973) .........................................16

*Cockerham v. Cockerham,* 527 S.W. 162 (Tex.1975)  ...........................................16

*Langlotz v. Citizens Fidelity Ins. Co.,* 505 S.W. 249 (Tex.1974) .........................16

*Daniel F. Gosch, Trustee of the Estate of Marlene M. Finn v. Donald Burns
(In re Marlene M. Finn),* 909 F.2d 903 (6th Cir. 1990) ..........................................19

*In re Issac Leaseco, Inc.,* 389 F.3d 1205 (11th Cir. 2004) .....................................19

<u>STATUTES</u>                                                                <u>PAGE NO.</u>

11 U.S.C. §363(f) ................................................................................................11

TEX.FAM.CODE ANN. §3.003(West 2020) ......................................................16

11 U.S.C. §547  ...................................................................................................19

11 U.S.C. §547(b) ..............................................................................................19

# **TABLE OF CONTENTS**

PAGE NO.

CORPORATE DISCLOSURE STATEMENT ......................................................2

CERTIFICATE OF INTERESTED PERSONS ...................................................2

TABLE OF AUTHORITIES ...............................................................................3

I.     STATEMENT REGARDING ORAL ARGUMENT .................................7

II.    JURISDICTIONAL STATEMENT ..........................................................7

III.   STANDARD OF REVIEW .......................................................................7

IV.    STATEMENT OF THE CASE ..................................................................8

V.     ARGUMENT ...........................................................................................11

       ISSUE 1:  Whether the Bankruptcy Court abused its discretion in ruling
       that Suzann's equitable interest in the Joyce Way House was not
       previously litigated or decided.  ...............................................................11

       ISSUE 2:  Whether the Bankruptcy Court erred in finding that Jennifer
       could not enforce a release given by Suzann to Michael in a Family
       Settlement Agreement.  ..............................................................................12

       ISSUE 3:  Whether the Bankruptcy Court's finding of fact that Michael
       did not gift Jennifer the funds to purchase the Joyce Way House was
       clearly erroneous.  ......................................................................................16

       ISSUE 4:  Whether the Bankruptcy Court's finding of fact that the Joyce
       Way House was Michael's separate property and was being held in title
       only by JMV for his benefit was clearly erroneous.  ..................................17

       ISSUE 5:  Whether the Bankruptcy Courts finding of fact that the
       Arbitration Award and Judgement traced Michael's misappropriated
       assets to JMV was clearly erroneous.  .......................................................18

ISSUE 6:  Whether the Bankruptcy Court was clearly erroneous in making the factual finding that Jennifer received an avoidable preferential transfer when she recorded her deed of trust hours before JMV filed its bankruptcy petition. ...........................................................................19

ISSUE 7:  Whether the Bankruptcy Court erred in disallowing Jennifer's proof of claim. .........................................................................20

VI.   CONCLUSION ........................................................................22

CERTIFICATE OF COMPLIANCE ....................................................22

CERTIFICATE OF SERVICE ............................................................23

## I.    STATEMENT REGARDING ORAL ARGUMENT

Suzann Ruff ("*Suzann*") and Christopher J. Moser, Chapter 7 Trustee for the bankruptcy estate of JMV Holdings, LLC ("*Trustee*") (collectively, "*Appellees*") do not believe that the issues raised in this appeal involve complex factual or legal issues and therefore, oral argument is not necessary.

## II.    JURISDICTIONAL STATEMENT

Appellees agree with the jurisdictional statement made by Appellant.

## III.    STANDARD OF REVIEW

A bankruptcy court's conclusions of law are reviewed *de novo*, as are mixed questions of law and fact. *Andrews & Kurth L.L.P. v. Family Snacks, Inc. (In re Pro-Snax Distribs., Inc.),* 157 F.3d 414, 420 (5th Cir. 1998); *Tummel & Carroll v. Quinlivan (In re Quinlivan)*, 434 f3d. 314 318 (5th Cir. 2005). A bankruptcy court's findings of fact are not to be set aside unless clearly erroneous. *Webb v. Resrv. Life Co. (In re Web),* 954 F.2d 1102, 1104 (5th Cir. 1992). The district court in its appellate role, must give "due regard … to the opportunity of the (bankruptcy) court to judge the credibility of the witness." *Hibernia Nat'l Bank v. Perez (In re Perez),* 954 F.2d 1026 (5th Cir. 1992). Thus, the district court should affirm the bankruptcy court's findings unless, on the entire evidence, it is left with the definite and firm conviction that a mistake has been committed." *Id*.

## IV.   STATEMENT OF THE CASE

The underlying dispute in this appeal relates to a family ownership fight over one of the many assets of Arthur Ruff ("***Arthur***"), who died in 1998. Suzann Ruff ("***Suzann***") is the widow of Arthur who inherited the sizeable assets of her husband. Michael Ruff ("***Michael***") is the son of Arthur and Suzann. Jennifer Ruff ("***Jennifer***") is Michael's wife. In 2007, the Ruff family set up the Ruff Management Trust (the "***Trust***") to administer millions of dollars of assets inherited by Suzann. Michael was the initial trustee of the Trust and Suzann was the primary beneficiary of the Trust.

Upon learning that Michael had divested the Trust of assets, Suzann sued Michael in probate court for breach of fiduciary duty, and other claims relating to the diversion of the Trust assets. That lawsuit was tried by an arbitration panel which among other things, awarded Suzann a judgment of approximately $62,000,000 against Michael for fraud, conversion, breach of fiduciary duty, etc. The arbitration award also imposed a constructive trust on nearly all of Michael's assets and upon numerous entities that were the recipients of fraudulent transfers from the Trust.  On April 10, 2018, the probate court entered a judgment against Michael and in favor of Suzann consistent with the arbitration award.

JMV Holdings, L.L.C. ("***JMV***" or "***Debtor***") was one of the entities specifically identified in the probate judgment as being subject to a constructive trust

in favor of Suzann. In December, 2009, JMV purchased real property located at 7047 Joyce Way, Dallas, Texas (the "*Joyce Way Property*") for $247,500. The source of the funds to purchase the Joyce Way Property was Michael who, at trial testified that he paid the purchase price directly to the title company from his personal checking account. (R. 1269).

In 2018, at the direction of Michael, JMV filed bankruptcy in order to prevent Suzann from reaching JMV's assets through her collection efforts in a suit she had filed in state court. (R. 1298). The pending suit was removed to the bankruptcy court and became an adversary proceeding, but that adversary proceeding was later remanded to state court. There are three creditors of the JMV bankruptcy estate: 1) Jennifer who claims to be owed $743,811.82; 2) Suzann who claims a constructive trust on all of JMV's assets for $65,000,000; and 3) the U.S. Trustee who is owed $650. While in bankruptcy, the Trustee sold the Joyce Way Property and received net sale proceeds of approximately $420,000 (the "*Sale Proceeds*"). The Trustee is currently holding this amount less bank fees and trustee bond fees which have been charged to the account. This appeal will determine to whom the Sale Proceeds will be paid.

Following the sale, Jennifer filed a new adversary proceeding seeking: 1) a declaratory judgment that Suzann did not have a constructive trust claim to the Sales Proceeds; 2) a declaratory judgment that the Sale Proceeds are traceable to Jennifer's

separate property and thus, not subject to the constructive trust placed upon Michael, his entities and his assets; 3) a declaratory judgment that Suzann had released Jennifer in a Family Settlement Agreement that Suzann was found to have been fraudulent induced to enter into; and 4) an order disallowing Suzann's proof of claim.

The Trustee filed a counterclaim in this adversary proceeding seeking: 1) to avoid as a preferential transfer the deed of trust filed by Jennifer against the Joyce Way Property hours before JMV filed bankruptcy; 2) disallowance of all but $15,000 of Jennifer's $743,811.82 proof of claim; and 3) to recharacterize Jennifer's claim as either an equity contribution or to equitably subordinate Jennifer's claim.

Following a two-day trial, the Bankruptcy Court entered Findings of Fact and Conclusions of Law and entered the Judgment now before this Court on appeal. Among other things, the Judgment: 1) determined that the Joyce Way Property and its Sales Proceeds were subject to a constructive trust in favor of Suzann; 2) determined that the Family Settlement Agreement was a product of Michael's fraud and therefore, not enforceable against Suzann; 3) overruled Jennifer's objection to Suzann's proof of claim, thereby allowing Suzann's claim in full; 4) avoided Jennifer's deed of trust lien as a preferential transfer; and 4) disallowed Jennifer's proof of claim, except to the extent of $15,000.

## V.    ARGUMENT

**ISSUE 1:**

**Whether the Bankruptcy Court abused its discretion in ruling that Suzann's equitable interest in the Joyce Way Property was not previously litigated or decided.**

Appellant, without including a copy of the Order Authorizing Sale of the Joyce Way Property ("*Sale Order*") (ECF 47 in JMV Main Bankruptcy Case) in the record on appeal,[1] speciously argues that the Bankruptcy Court erred by failing to apply the doctrine of res judicata[2] to the Sale Order. As a result of this alleged error, Appellant avers that res judicata prevents Suzann from asserting her constructive trust claim in the underlying litigation brought by Jennifer. In short, Appellant mistakenly puts forth the argument that the specific language of the Sale Order, which is not part of the record, mandated the Bankruptcy Court to conclude that Suzann lost her constructive trust claims solely due to the language of the Sale Order. This simply neither true nor legally correct. Had the Sale Order been included in the record on appeal, it would be obvious that the Bankruptcy Court approved a sale under 11 U.S.C. §363(f) which preserved the legal rights of all parties to assert their

---

[1] Had the Sale Order been included in the record, the fallaciousness of this argument would be obvious. Paragraph 8 of the Sale Order specifically states: "The liens, claims and encumbrances asserted by claimants Jennifer Ruff and Suzann Ruff attach to the residual proceeds, to the extent as provided by law to the same validity, priority, and extent as to the Property and subject to Trustee's right to object to same. Nothing contained herein should be construed as a judicial admission as to the validity, perfection, priority, or potential voidability of same". Sale Order (ECF 47, p. 6, paragraph 8).

[2] Res judicata is a doctrine which affords preclusive effect to a judgment. *Taylor v. Sturgell,* 552 U.S. 880, 891,128 S.Ct. 2161, 171 L.Ed2d 155 (2008). The rule of res judicata encompasses two separate, but linked preclusive doctrines: (1) true res judicata or claim preclusion and (2) collateral estoppel or issue preclusion. *Test Masters Educational Services, Inc. v. Singh,* 428 f3d 559,571 (5th Cir. 2005).

claims to the proceeds of the sale. *See* Conclusions of Law Nos.1-5, R.  (R-1117-11118).

The burden of proof to establish the applicability of res judicata is on the party asserting res judicata. *Anderson, Clayton & Co. U.S.,* 562 F.2d 972, 992-93 (5th Cir. 1977) (The party seeking collateral estoppel[3] effect has the burden of proving this to be so) *see also, Universal Am. Barge Corp. V.J-Chem, Inc.,* 946 F.2d 1131, 1136 (5th Cir. 1991) (The party asserting issue preclusion bears the burden of proof). In order to meet this burden, Jennifer must demonstrate that: (1) the facts sought to be litigated in the first action were fully and fairly litigated in the first action and fairly litigated in prior action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action. *Pancake v. Reliance Ins. Co. (In re Pancake),* 106 F.3d 1242, 1244 (5thCir. 1997). In addition to failing to include the Sale Order to which Appellant asserts mandates the application of res judicata, neither the record nor Appellant's brief discusses Appellant's burden of proof. Thus, the Bankruptcy Court did not err in failing to apply res judicata to the facts at hand.

**ISSUE 2:**

**Whether the Bankruptcy Court erred in finding that Jennifer could not enforce a release given by Suzann to Michael in a Family Settlement Agreement.**

---

[3] As set forth above, the term "res judicata" comprises both claim preclusion and issue preclusion.

On October 2, 2009, a Family Settlement Agreement ("*FSA*") was entered into by Suzann, Michael, individually, by Michael as President of Icarus Investments, Inc., by Michael as General Partner of Icarus Investments II, Ltd., and by Michael as Trustee of the Ruff Management Trust (Exhibit C at R-375-378). Jennifer, who was not a party to the FSA, asserts that she was a third-party beneficiary of the FSA and that the release contained in the FSA was broad enough to cause Suzann to release all claims, including constructive trust claims against JMV, JMV's property, Jennifer and Jennifer's property. However, as noted by the Bankruptcy Court, the Arbitration Award (in paragraphs H and I at R-170-171) explicitly denied Michael's affirmative defenses of release and waiver due to any "alleged agreements" with his mother due to Michael's fraudulent inducement of Suzann to enter into the agreements. (FF 12 at R-1107).  Thus, the Bankruptcy Court found that Suzann was not bound by a contract procured by fraud (CL 7 at 1118). On appeal, Jennifer argues that, as an alleged third-party beneficiary of the FSA, the Bankruptcy Court erred in imputing Michael's fraud to her and not enforcing the release Suzann gave under the FSA.

Unfortunately for Jennifer, the record is void of any evidence that Jennifer was a third-party beneficiary of the FSA. Texas third-party beneficiary law is clear. A third party may recover on a contract made between other parties only if the parties intended to secure some benefit to that third party, and only if the contracting parties

entered into the contract directly for the third party's benefit. *Stine v. Stewart,* 80 S.W.3d 586,589 (Tex. 2002). The mere fact that a person might receive an incidental benefit from a contract does not give that person a right of action to enforce the contract. *Id.* In determining whether a third party can enforce a contract, the intention of the contracting parties is controlling. *S. Tex. Water Auth. v. Lomas,* 223 S.W.3d 304, 306 (Tex. 2007). The intention to confer a direct benefit to a third party must be clearly and fully spelled out, or the enforcement by the third party must be denied. *Id.* Moreover, there is a presumption in Texas against third-party beneficiary agreements. *Tawes v. Barns,* 340 S.W.3d 419, 425 (Tex. 2011).

The material facts of the instant case are: 1) Jennifer was not a party to the FSA; 2) Jennifer's name was not mentioned in the FSA; 3) the trial record lacks any evidence to establish that Jennifer was an intended third-party beneficiary of the FSA. These facts, coupled with the presumption against finding a third-party beneficiary convincingly establish that Jennifer was not a third-party beneficiary of the FSA with standing to enforce the release contained an a fraudulently induced document.

The Bankruptcy Court found that even if one assumes that Jennifer was a third-party beneficiary of the FSA, which she was not, the doctrine of res judicata would nevertheless prevent Jennifer from enforcing the FSA. (Conclusion of Law No. 9, R1119). On appeal, Jennifer argues that Michael's fraud in inducing his

mother to enter into the FSA should not be imputed upon her under the doctrine of res judicata, and thus, Jennifer should be able to enforce a contract induced by fraud.

In her res judicata argument Appellant concedes that two of the three elements[4] necessary to establish res judicata were met. However, she argues that the element of whether there was an identity of parties or those in privity with them has not been met because Jennifer was not in privity with Michael, her husband. More specifically, Jennifer argues that a close family relationship is insufficient to establish privity to the party in the original suit. In support of this proposition, Jennifer cites federal law rather than applicable Texas state law.

Under Texas law privity exists if the parties share an identity of interests in the basic legal right that is the subject of the litigation. *Amstad v. U.S. Brass Corp,* 919 S.W.2d 644 (Tex. 1996). The underlying litigation at issue in this matter related to fraud claims asserted against Michael arising from the probate of his father's assets and to the disposition of inherited property. Jennifer's interest in this litigation, if any, was identical to Michael's interest. She had no interest other than through Michael. Thus, for res judicata purposes the element of privity was met since Michael adequately represented all interests in the litigation.

---

[4] To establish res judicata under Texas law, three elements must be satisfied: (i) a prior final judgment on the merits by a court of competent jurisdiction; (ii) identity of parties or those in privity with them; and (iii) a second action based on the same claims as were raised or could have been raised in the first action. *Cox v. Nueces Cnty.,* 839 F.3d 418, 421 (5th Cir. 2016).

In summary, even if you assume the fiction that Jennifer was a third-party beneficiary, res judicata would still apply to bind her to fraudulent acts of her husband. *See* Conclusion of Law Nos. 6-17, (R. 1118- 1120).

**ISSUE 3:**

**Whether the Bankruptcy Court's finding of fact that Michael did not gift Jennifer the funds to purchase the Joyce Way Property was clearly erroneous.**

Jennifer failed to carry her burden of proof to establish that her separate property was the source of the funds used to purchase the Joyce Way House. In Texas, all property possessed by either spouse during marriage is presumed to be community property. *See* TEX. FAM. CODE ANN. §3.003(West 2020). To overcome this presumption, a party must present clear and convincing evidence that the property is separate. *Id.* The party asserting separate ownership must clearly trace the original separate property into the particular asset alleged to be separate property. *McKinley v. McKinely,* 496 S.W. 540, 543 (Tex.1973). Moreover, in Texas the characterization of marital property as separate property or community property is a question of fact. *Cockerham v. Cockerham,* 527 S.W. 162 (Tex.1975). Furthermore, findings of fact must be upheld if the record reflects any support in the evidence. *Langlotz v. Citizens Fidelity Ins. Co.,* 505 S.W. 249 (Tex.1974).

At trial no credible evidence was presented to establish that Michael made a gift of separate property to Jennifer. The bankruptcy court correctly concluded that the source of the funds to purchase the property came from Michael's personal

checking account (Conclusion of Law No. 21, R. 1121), found that Michael failed to present credible evidence that the funds used came from a bonus (FF 33-35 at R-1112) and concluded that a gift did not occur (Conclusion of Law No. 22, R-1121-1122). Thus, the bankruptcy court's finding that no gift occurred was not clearly erroneous.

**ISSUE 4:**

**Whether the Bankruptcy Court's finding of fact that the Joyce Way Property was Michael's separate property and was being held in title only by JMV for his benefit was clearly erroneous.**

The prenuptial agreement between Michael and Jennifer was admitted into evidence (Exhibit D, R. 379-413), and Michael and Jennifer testified at length about it at trial. The Bankruptcy Court's findings that the Joyce Way Property was Michael's separate property are Findings of Fact Nos.  24 - 30 (R. 1110-1111).  This issue was resolved by the Bankruptcy Court in Conclusion of Law No. 22 (R1121 1122), where the Court concluded that no gift occurred, because Michael and Jennifer did not comply with the specific gift requirements set forth in the premarital agreement since there was no gift evidenced by a notarized writing (Finding of Fact No. 29, R. 1111); *See also,* (Exhibit D, at R- 379-413). The Bankruptcy Court gave the Ruffs the benefit of the doubt as to the existence of the premarital agreement between themselves; however, the Court held the Ruffs to the gift requirements of

their prenuptial agreement, which were not met. Thus, the Bankruptcy Court correctly concluded that the source of the purchase was Michael's separate property.

In any event the Joyce Way Property was acquired subject to the constructive trust, as discussed below in the response to Issue 5.

**ISSUE 5:**

**Whether the Bankruptcy Courts finding of fact that the Arbitration Award and Judgement traced Michael's misappropriated assets to JMV was clearly erroneous.**

The Judgment and AAA Arbitration Award are found in Exhibit 3 (R. 163-177), which established the following: (1) the inability to use the FSA and Release and Indemnity Agreement ("***RIA***") as affirmative defenses, (2) Michael's fraud, and (3) Michael's failure to account (all at R-170171), plus (4) the two constructive trust paragraphs (at R-172), and (5) the entities in Exhibit A (at R-174-177) which are subject to the constructive trusts, specifically including JMV and JMV Managers and the entities sold by Mike while Trustee of the Ruff Management Trust.

Exhibit 23 (R-768-1096)) is the Asset Purchase Agreement by which Michael sold Efficient Attic for $15,000,000.00 (R-798) on September 30, 2009 (R-782 and 803) and directed that $3,000,000 be wired directly to his personal checking account (R-805). Receipt of the wire is shown in Michael's September 2009 bank statement from Texas Capital Bank (Exhibit O at R-648).  Michael testified that the earnest money and the balance of the purchase price were paid by him directly to the title

company from the $3,000,000 wire deposit. (Trial Transcript, R. 1269-1270). This evidence is the basis for the Findings of Fact 11, 12, 13, 15, 16, 22, 24, 31 through 36 (R-1107-1113). The Bankruptcy Court's correct resolution of this issue is contained at Conclusions of Law 18-33 (R. 1120-1124).

**ISSUE 6:**

**Whether the Bankruptcy Court was clearly erroneous in making the factual finding that Jennifer received an avoidable preferential transfer when she recorded her deed of trust hours before JMV filed its bankruptcy petition.**

Jennifer argues that the Bankruptcy Court made inconsistent factual findings regarding whether Jennifer was a creditor of JMV with an antecedent debt and thus, subject to having her deed of trust lien on the Joyce Way Property avoided as a preferential transfer[5] under 11 U.S.C. §547. The issue of whether Jennifer was a creditor is a question of fact to be analyzed by the "clearly erroneous" standard on appeal. *See Daniel F. Gosch, Trustee of the Estate of Marlene M. Finn v. Donald Burns (In re Marlene M. Finn),* 909 F.2d 903 (6th Cir. 1990).

Appellant incorrectly and disingenuously argues that the Bankruptcy Court made a factual finding that Jennifer was not a creditor. This is incorrect. The Bankruptcy Court found that Jennifer never made a $200,000 loan to JMV as

---

[5] A preference is a transfer that enables a creditor to receive payment of a greater percentage of its claim against the debtor than it would have received if the transfer had not been made and the creditor participated in the distribution of assets through the bankruptcy estate. *In re Issac Leaseco, Inc.,* 389 F.3d 1205 (11th Cir. 2004). The preference issue in the instant appeal is whether the filing of the deed of trust, which allegedly granted Jennifer a lien on the Joyce Way Property for the amount of $743,811.82, is avoidable as a preference under 11 U.S.C. §547(b).

Jennifer alleged as ***part*** of the $743,811.82 debt she asserted to be owed in her proof of claim. Subtracting $200,000 from Jennifer's proof of claim amount does not result in Jennifer being owed $0. More specifically, Jennifer's $743,811.82 proof of claim included numerous debt components, one of which was the $200,000 amount reflected in the promissory note and deed of trust Jennifer included in her proof of claim. Another debt component of Jennifer's proof of claim was the $15,000 Jennifer paid JMV's bankruptcy counsel. Indeed, both the Findings of Fact and Conclusions of Law and the Judgment entered by the Bankruptcy Court conclusively established that Jennifer was a creditor with an unsecured claim in the amount of $15,000. (Conclusion of Law No.  46 at R-1127 and Judgment p. 2 at R-1131). In summary, the Bankruptcy Court's factual finding that Jennifer was a creditor was not clearly erroneous.

**ISSUE 7:**

**Whether the Bankruptcy Court erred in disallowing Jennifer's proof of claim.**

Appellant erroneously argues that the Bankruptcy Court committed reversable error by "completely" disallowing Jennifer's claim and at the same time finding that Jennifer was a creditor for preferential transfer purposes. As set forth above, the Bankruptcy Court allowed Jennifer's claim as an unsecured claim to the extent of $15,000 representing the amount she paid JMV's bankruptcy counsel to file the JMV bankruptcy case (Judgment p. 2 at R-1131). In other words, Jennifer was a creditor

since her claim was not completely disallowed. The language of the Judgment clearly states: "Jennifer is allowed an unsecured claim against the Debtor's bankruptcy estate in the total amount of $15,000"). (Judgment p. 2 at R-1131).  As a creditor, Jennifer's deed of trust lien was properly avoided as a preferential transfer.

Additionally, Appellant argues the Bankruptcy Court committed error by not finding that that Michael gifted cash from his separate property to Jennifer to purchase the Joyce Way Property. Michael testified in person at trial. (Transcript of Trial, R. 1258-1310). At trial, the Bankruptcy Court had an opportunity to hear Michael's gift testimony first-hand and to pass judgment on his credibility. After doing so, the Court determined that Michael did not gift Jennifer the funds used to purchase the Joyce Way Property. (Conclusion of Law No. 22 at R-1121-22). This finding is not clearly erroneous because, at trial Michael specifically testified that the funds he used to purchase the Joyce Way Property were never paid to Jennifer. (Trial Transcript, R-1269). Rather, Michael paid the purchase price directly to the title company. (Trial Transcript, R-1269). Thus, the Bankruptcy Court had a solid basis to conclude that Jennifer's separate property was not the source of the funds to purchase the Joyce Way Property.

## VI.   CONCLUSION

For all of the reasons stated in this brief, as well as those set forth in the Bankruptcy Court's Memorandum Opinion, the Judgment of the Bankruptcy Court should be affirmed.

Respectfully submitted,

DENNIS OLSON
1412 Main Street, Suite 2600
Dallas, Texas 75202
(214) 460-7179 (Telephone)
denniso@dallaslaw.com (Email)

By: */s/ Dennis Olson*
    Dennis Olson
    State Bar No. 15273500

ATTORNEY FOR APPELLEE,
SUZANN RUFF

QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201-4240
(214) 880-1805 (Telephone)
cmoser@qslwm.com (Email)

By: /s/ Christopher J. Moser
    Christopher J. Moser
    State Bar No. 14572500

ATTORNEYS FOR APPELLEE,
CHRISTOPHER J. MOSER, TRUSTEE

## **CERTIFICATE OF COMPLIANCE**

The undersigned certifies that this brief complies with the type-volume limitations of Federal Rule of Bankruptcy Procedure 8015(a)(7) because: (1) this

brief contains 4,805 words and (2) this brief complies with the typeface requirements of Rule 8015(a)(5) and the type style requirements of Rule 8015(a)(6) because the brief has been prepared in a proportionally-spaced typeface using Times New Roman 14-point font.

*/s/ Christopher J. Moser*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 1, 2022, a true and correct copy of the foregoing Brief was served via email pursuant to the Court's ECF system upon the Appellant via her counsel listed below.

Joyce W. Lindauer, Esq.
joyce@joycelindauer.com

*/s/ Christopher J. Moser*