CIVIL ACTION No. 4:22-cv-321

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

JMV Holdings, LLC,
Debtor, Bankruptcy Case No. 18-42552

Jennifer C. Ruff, Appellant

v.

Suzann Ruff and Christopher Moser, Trustee, Appellees

Appeal from the United States Bankruptcy Court
Eastern District of Texas, Sherman Division
Related to Adversary Proceeding No. 21-04003

**REPLY BRIEF OF APPELLANT**

        Joyce W. Lindauer
        State Bar No. 21555700
        Joyce W. Lindauer Attorney, PLLC
        1412 Main Street, Suite 500
        Dallas, Texas 75230
        Telephone: (972) 503-4033
        Facsimile: (972) 503-4034
        joyce@joycelindauer.com

        **ATTORNEYS FOR APPELLANT**

## **TABLE OF CONTENTS**

I.     CORPORATE DISCLOSURE STATEMENT ........................................................3

II.    TABLE OF AUTHORITIES ................................................................................4

III.   ARGUMENT.........................................................................................................5

        A.    The bankruptcy court erred in concluding that the issue of Whether Suzann Ruff holds an equitable interest in the Joyce Way Property as a result of a constructive trust was not previously litigated or decided..................................................................5

        B.    The bankruptcy court erred in concluding that Jennifer Ruff and Michael Ruff shared an identity of interests with respect to the Judgment such that res judicata applied as to the enforceability of the Family Settlement Agreement ("FSA") and Jennifer's arguments for release and indemnification under the FSA .......................................6

        C.    The bankruptcy court erred in concluding that Michael did not gift Jennifer the funds to purchase the Joyce Way property.....................9

        D.    The bankruptcy court erred in finding that the Joyce Way Property was Michael's separate property and was being held in title only by JMV Holdings, LLC for his benefit...................................................10

        E.    The bankruptcy court erred in finding and concluding that the Arbitration Award and Judgment traced Michael's alleged misappropriation of assets to JMV Holdings, LLC ..............................11

        F.    The bankruptcy court erred in concluding that Jennifer received a preferential transfer when she recorded the deed of trust before JMV Holdings, LLC filed its bankruptcy petition..................................12

        G.    The bankruptcy court erred in disallowing Appellant's proof of claim ..........................................................................................13

IV.   CONCLUSION...................................................................................................14

CERTIFICATE OF COMPLIANCE................................................................................14

CERTIFICATE OF SERVICE .........................................................................................15

# I. CORPORATE DISCLOSURE STATEMENT

Appellant Jennifer Ruff is a natural person who is not required to make a corporate disclosure pursuant to Fed. R. App. P. 26.1 and/or Fed. R. Civ. Proc. 7.1.

## II. TABLE OF AUTHORITIES

**CASES**                                                                                                                          **PAGE NO.**

*Webb v. Town of St. Joseph*, 560 F. App'x 362, 365 (5th Cir. 2014)..............................................5

*Official Comm. Of Unsecured Creditors v. Moeller (In re Age Ref., Inc.)*, 801 F.3d 530, 538 (5th Cir. 2015) ......................................................................................................................................6

*Andrews & Kurth L.L.P. v. Family Snacks, Inc. (In re Pro Snax Distribs., Inc.),* 157 F.3d 414, 420 (5th Cir. 1998)..........................................................................................................................6

*Tummel & Carroll v. Quinlivan (In re Quinlivan),* 434 F3d. 314, 318 (5th Cir. 2005) ..................6

*Amstad v. U.S. Brass Corp*, 919 S.W.2d 644 (Tex. 1996)...............................................................7

*Cooper v. Tex. Gulf Indus., Inc.*, 513 S.W.2d 200 (Tex. 1974).....................................................7, 8

*Freeman v. Lester Coggins Trucking, Inc.*, 771 F.2d 860, 863 (5th Cir. 1985) ..............................9

*Leonhard v. United States*, 633 F.2d 599, 616 (2d Cir. 1980), *cert. denied*, 451 U.S. 908, 101 S. Ct. 1975, 68 L. Ed. 2d 295 (1981) ..................................................................................................9

*Aerojet-General Corp. v. Askew*, 511 F.2d 710, 719 (5th Cir. 1975) ............................................9


**STATUTES AND RULES**                                                                                                 **PAGE NO.**

Fed. R. Bankr. Pro. 8009(a)(2) ........................................................................................................5

Tex. Fam. Code. §§ 3.01(2), 3.005 ................................................................................................11

## II. TABLE OF AUTHORITIES

**CASES**                                                                                                                          **PAGE NO.**

*Webb v. Town of St. Joseph*, 560 F. App'x 362, 365 (5th Cir. 2014)..............................................5

*Official Comm. Of Unsecured Creditors v. Moeller (In re Age Ref., Inc.)*, 801 F.3d 530, 538 (5th Cir. 2015) ......................................................................................................................................6

*Andrews & Kurth L.L.P. v. Family Snacks, Inc. (In re Pro Snax Distribs., Inc.),* 157 F.3d 414, 420 (5th Cir. 1998)..........................................................................................................................6

*Tummel & Carroll v. Quinlivan (In re Quinlivan),* 434 F3d. 314, 318 (5th Cir. 2005) ..................6

*Amstad v. U.S. Brass Corp*, 919 S.W.2d 644 (Tex. 1996)...............................................................7

*Cooper v. Tex. Gulf Indus., Inc.*, 513 S.W.2d 200 (Tex. 1974).....................................................7, 8

*Freeman v. Lester Coggins Trucking, Inc.*, 771 F.2d 860, 863 (5th Cir. 1985) ..............................9

*Leonhard v. United States*, 633 F.2d 599, 616 (2d Cir. 1980), *cert. denied*, 451 U.S. 908, 101 S. Ct. 1975, 68 L. Ed. 2d 295 (1981) ..................................................................................................9

*Aerojet-General Corp. v. Askew*, 511 F.2d 710, 719 (5th Cir. 1975) ............................................9


**STATUTES AND RULES**                                                                                                 **PAGE NO.**

Fed. R. Bankr. Pro. 8009(a)(2) ........................................................................................................5

Tex. Fam. Code. §§ 3.01(2), 3.005 ................................................................................................11

## III. <u>ARGUMENT</u>

**A.     The bankruptcy court erred in concluding that the issue of whether Suzann Ruff holds an equitable interest in the Joyce Way Property as a result of a constructive trust was not previously litigated or decided.**

The bankruptcy court concluded as a matter of law that "the issue of whether Suzann holds an equitable interest in the Joyce Way Property as a result of a constructive trust was not previously litigated or decided. Suzann is not barred from asserting that the Joyce Way Property and any interest of whatever nature Michael has in JMV were subject to a constructive trust on the bankruptcy petition date." Conclusion of Law No. 4, R. 1118. In reaching this conclusion the bankruptcy court disregarded the element of *res judicata* that includes claims that *should have been brought but were not.*[1] As more fully argued in the Brief of Appellant ("Appellant's Brief"), Suzann Ruff knew she had such a constructive trust claim against the property in question but failed to raise it in the bankruptcy case when she had a chance. Appellant's Brief, p. 14. Therefore, she was barred from raising it later.

The Brief of Appellees ("Appellees' Brief") <u>completely ignores</u> this argument for obvious reasons. Instead, Appellees attempt to deflect the Court's attention to a document that is not in the record on appeal, i.e. the "Sale Order". Appellees' Brief P. 11. The Appellees had their chance to put the "Sale Order" into the record on appeal under Fed. R. Bankr. Pro. 8009(a)(2) and chose not to do so. Therefore, the Sale Order is not part of the record before this Court and cannot be relied upon by Appellees in their brief to the Court.[2]

---

[1] "Claim preclusion, or res judicata, bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Webb v. Town of St. Joseph*, 560 F. App'x 362, 365 (5th Cir. 2014).

[2] Appellees claim that the Appellant is arguing that the bankruptcy court "erred by failing to apply the doctrine of res judicata to the Sale Order" without including the Sale Order in the record. That is entirely untrue. Appellants argument is based not on the Sale Order, but on the bankruptcy court's conclusion of law No. 4 that the issue of constructive trust was previously litigated. As

Appellees next attempt another procedural end run by restating this issue on appeal as a fact issue to be decided under an "abuse of discretion" standard.[3] Appellees' Brief, p. 5. This materially misstates the applicable standard of review on appeal. The proper standard of review of a legal conclusion such as Conclusion of Law No. 4 is "*de novo*", not "abuse of discretion. *Official Comm. Of Unsecured Creditors v. Moeller (In re Age Ref., Inc.)*, 801 F.3d 530, 538 (5th Cir. 2015). Even if this issue was found to be a mixed question of law and fact, the standard of review is still *de novo. Andrews & Kurth L.L.P. v. Family Snacks, Inc. (In re Pro Snax Distribs., Inc.),* 157 F.3d 414, 420 (5th Cir. 1998); *Tummel & Carroll v. Quinlivan (In re Quinlivan),* 434 F3d. 314, 318 (5th Cir. 2005). Therefore, Appellant requests the Court to conduct a full review of the record on appeal and reach its own conclusions on this issue.

**B.  The bankruptcy court erred in concluding that Jennifer Ruff and Michael Ruff shared an identity of interests with respect to the Judgment such that res judicata applied as to the enforceability of the Family Settlement Agreement ("FSA") and Jennifer's arguments for release and indemnification under the FSA.**

The bankruptcy court concluded that Jennifer was bound under principles of *res judicata* to the Arbitration Award and Judgment against her husband because her interests were represented in the prior ligation by her husband, thus she was in privity with Michael[4]. Appellant argued in her main brief that the bankruptcy court erred by concluding as a matter of law that Appellant was

---

stated in the main brief, this conclusion fails to consider that the constructive trust claim *could have* been litigated, a primary element of *res judicata*.

[3] "Issue No. 1" as stated by the Appellees is "Whether the Bankruptcy Court abused its discretion in ruling that Suzann's equitable interest in the Joyce Way House was not previously litigated or decided." Appellees' Brief, p.

[4] Conclusion of Law No. 17: "Here, Jennifer's interest in the arbitration and the State Court Proceeding was represented by her husband. The Court concludes that Jennifer and Michael share an identity of interests with respect to the Judgment such that res judicata applies as to the enforceability of the FSA and Jennifer's arguments for release and indemnification under the FSA." R. 1120.

adequately represented by her husband in a prior lawsuit to which she was not a party. Appellant's Brief p. 15. In response, Appellees try to misdirect this Court to a third-party beneficiary argument that was not the basis for the bankruptcy court's conclusions of law pertaining to *res judicata*. Appellees' Brief, p. 13. In fact, the bankruptcy court's Conclusions of Law 6 -17 (R. 1118 – 1120), to which Appellees refer, have nothing to do with whether Jennifer Ruff was a third-party beneficiary of the Family Settlement Agreement ("FSA") (and indeed assume it to be true *arguendo*), but are focused on the court's conclusion that *res judicata* prevents Jennifer from seeking to enforce the FSA now when it was previously litigated by Michael Ruff, Jennifer's husband.

The Appellees argue that under Texas law, privity exists if the parties share an identity of interests in the basic legal right that is the subject of the litigation, citing *Amstad v. U.S. Brass Corp*, 919 S.W.2d 644 (Tex. 1996). But Appellants cite to no evidence in the record that matches the *Amstad* ruling – all they offer is the unsupported legal conclusion that "Jennifer's interest in this litigation, if any, was identical to Michael's interest. She had no interest other than through Michael." Appellees' Brief, p. 15.  As pointed out in Appellant's Brief, the bankruptcy court did the same, concluding without evidence or a finding of fact that "… Jennifer's interest in the arbitration and the State Court Proceeding was represented by her husband". Conclusion of Law no. 17, R. 1120.

While the Appellees and the bankruptcy court may assume that a wife's interests are always the same as her husband's, or that a husband surely represents his wife adequately in all matters without need for her participation, that is not the state of Texas law.  The Texas Supreme Court emphatically found that assumption to be false in *Cooper v. Tex. Gulf Indus., Inc.*, 513 S.W.2d 200 (Tex. 1974). In that case, the Supreme Court found that the prior common law doctrine of "virtual

representation" of a wife by her husband was a concept that had been abolished by the Texas Family Code, and that the outcome of a suit against the husband alone did <u>not</u> bind his wife through *res judicata*. The Court opined that:

> Under the doctrine of virtual representation, a suit naming only the husband as a party is nonetheless binding on the wife. Starr v. Schoellkopf Co., 131 Tex. 263, 113 S.W. 2d 1227 (1938); Gabb v. Boston, 109 Tex. 26, 193 S.W. 137 (1917); Jergens v. Schiele, 61 Tex. 255 (1884); Cooley v. Miller, 228 S.W. 1085 (Tex. Comm'n App. 1921, jdgmt adopted); Hall v. Aloco Oil Co., 164 S.W. 2d 861 (Tex. Civ. App. -- Amarillo 1942, writ ref'd); 30 TEX. JUR. 2d Husband and Wife § 167. The basis for virtual representation is the husband's power of sole management of the entire community.
>
> Section 5.22 of the Family Code takes away the husband's sole right to manage all of the couple's community property. When joint management community property is involved, the husband and wife are now *joint* managers. The wife is her husband's equal with respect to management; she stands in the same position as any other joint owner of property. While another section provides that a spouse may sue and be sued without the joinder of the other, *neither* spouse may virtually represent the other. The rights of the wife, like the rights of the husband and the rights of any other joint owner, may be affected only by a suit in which the wife is called to answer. If one of the spouses wishes the other to represent him or her, Section 5.22(c) of the Family Code permits that arrangement provided the consenting spouse authorizes that representation by a power of attorney or other agreement in writing. No such writing is in evidence here.
>
> Dolores Cooper was not a party to the first suit; the doctrine of virtual representation was abolished by the new Family Code; there was no writing authorizing her husband to represent her. Accordingly, her interest in the Coopers' joint management community property is untouched by the judgment of dismissal with prejudice of the first suit.

*Id.* at 202.

This case should be no different. The doctrine of "virtual representation", whether in Texas courts or federal courts, must be applied very carefully if at all, and cannot be assumed. As seen above, in Texas the concept of virtual representation between husband and wife has been statutorily abolished. As to federal court, the Fifth Circuit states that "close family relationships are not sufficient by themselves to establish privity with the original suit's party, or to bind a

nonparty to that suit by the judgment entered therein"[5], and that "for parties to be so 'closely aligned' . . . that the party's representation in the first suit 'adequately' represents the non-party's interests in the first suit so as to preclude a nonparty in subsequent litigation, requires more than a showing of parallel interests". A specific fact finding is required before a court may conclude a person was "virtually represented"[6].

There is nothing in the record on appeal to show that the bankruptcy court had any evidence before it to make the bald conclusion that "Jennifer's interest in the arbitration and the State Court Proceeding was represented by her husband", nor did the court make any findings of fact on this topic. The Appellees' Brief does no better. The bankruptcy report committed clear error in concluding, as a matter of law and without evidence, that Appellant is bound to the judgment against her husband by *res judicata*.

C. **The bankruptcy court erred in concluding that Michael did not gift Jennifer the funds to purchase the Joyce Way property.**

The bankruptcy court concluded that Michael Ruff used his own funds to purchase the Joyce Way Property; therefore, the Joyce Way Property was not Jennifer Ruff's separate property and was subject to the Judgment. Conclusion of law No. 21, R. 1121. But, as discussed in Appellee's Brief, in reaching this conclusion the bankruptcy court relied on a pre-marital agreement that it had already discredited. The court made repeated references in its findings which indicate the court's strong skepticism that the pre-marital agreement even existed.[7] But the court

---

[5] *Freeman v. Lester Coggins Trucking, Inc.*, 771 F.2d 860, 863 (5th Cir. 1985), citing *Leonhard v. United States*, 633 F.2d 599, 616 (2d Cir. 1980), *cert. denied*, 451 U.S. 908, 101 S. Ct. 1975, 68 L. Ed. 2d 295 (1981).

[6] *Aerojet-General Corp. v. Askew*, 511 F.2d 710, 719 (5th Cir. 1975) ("The question whether a party's interests in a case are virtually representative of the interests of a nonparty is one of fact for the trial court.")

[7] Findings of fact no. 25-30, R. 1110, 1111.

relied on that very agreement in ruling that Michael's gift did not come from his separate property, i.e., the Ruffs failed to obtain a notarized writing evidencing the gift, *as required by the premarital agreement*.[8] As argued in the Appellant's Brief, the bankruptcy court's circular reasoning constitutes a reversible error of law.[9]

The Appellees' Brief makes no attempt to address the Appellant's arguments. Instead, Appellees again reframe this issue as a disputed fact finding rather than a conclusion of law, attempting to manipulate the standard of review from *de novo* to "clearly erroneous".[10] The Court should disregard this ploy and direct its attention to the issue and arguments actually raised by the Appellant, which the Appellees' Brief ignores.

**D.     The bankruptcy court erred in finding that the Joyce Way Property was Michael's separate property and was being held in title only by JMV Holdings, LLC for his benefit.**

The bankruptcy court concluded that "… the Joyce Way Property was Michael's separate property under the alleged premarital agreement and was being held in title only by JMV for his benefit. The Judgment therefore imposed a constructive trust on the Joyce Way Property." Conclusion of Law No. 24, R. 1122. As pointed out in Appellant's Brief, the bankruptcy court chose to discredit that testimony *although there was no controverting evidence,* instead focusing on a provision of the premarital agreement which required a notarized writing to accompany a gift.

---

[8] Conclusion of law No. 22, R. 1121: "However, any alleged gift of funds to Jennifer was not evidenced by a signed and notarized writing and was therefore void under the terms of the alleged pre-marital agreement. Thus, no gift occurred, Jennifer had no separate property interest in the funds, and Michael used his separate property to purchase the Joyce Way Property."

[9] See argument in Brief of Appellant, p. 17, 18.

[10] Appellee's Issue No. 4: "Whether the Bankruptcy Court's finding of fact that the Joyce Way Property was Michael's separate property and was being held in title only by JMV for his benefit was clearly erroneous." Appellees' Brief, p. 17.

Appellant's Brief, p.17. Furthermore, the terms by which gifts may be given under a pre-marital agreement do not alter Texas law, which allows gifts of separate property by one spouse to become the separate property of the recipient spouse without the need for a marital agreement.[11]

Appellees' Brief wholly fails to address lack of evidence controverting Michael and Jennifer's testimony, or that Texas law permits gifts of separate property between spouses regardless of marital agreements. Appellees chose instead to focus on fact findings not pertinent to Appellant's arguments in another attempt to change the standard of review from *de novo* to "clearly erroneous".[12] Even so, the bankruptcy court's findings that the Joyce Way Property was Michael Ruff's separate property were made without supporting evidence, as stated above. In fact, the only evidence was to the contrary. If the "clearly erroneous" standard applies, it is certainly satisfied here.

E.  **The bankruptcy court erred in finding and concluding that the Arbitration Award and Judgment traced Michael's alleged misappropriation of assets to JMV Holdings, LLC.**

As discussed fully in Appellant's Brief, the bankruptcy court misinterpreted the language of the Arbitration Award in finding as a matter of fact that the arbitration panel ruled that Michael had an interest in JMV Holdings, LLC ("JMV"), the Debtor in this case. See Finding of fact no. 22, R. 1110. That interpretation is wrong as a matter of fact because the Arbitration Award does no such thing – it plainly states that *if* Michael has such an interest then JMV is subject to a

---

[11] Tex. Fam. Code. §§ 3.01(2), 3.005.
[12] Appellees' Issue 4: "Whether the Bankruptcy Court's finding of fact that the Joyce Way Property was Michael's separate property and was being held in title only by JMV for his benefit was clearly erroneous."

constructive trust.[13] The bankruptcy court goes on to use this clearly erroneous fact finding to conclude as a matter of law that the Arbitration Award and Judgment "traced Michael's misappropriation of Suzann's assets to JMV"[14], which led the court to the inaccurate conclusion that JMV and its assets were subject to a constructive trust in favor of Suzann Ruff.

Again, the Appellees make no attempt whatsoever to address this argument. Instead, they again attempt to restate the Appellant's statement of this issue in another attempt to hide from this Court the correct standard of review.[15] As pointed out in Appellant's Brief, this is a mixed question of fact and law to be reviewed *de novo,* not under the "clearly erroneous" standard reserved for pure questions of fact. Brief of Appellant, pp. 6, 19. The bankruptcy court made clearly erroneous fact findings and conclusions of law in its ruling on this issue.

F.  **The bankruptcy court erred in concluding that Jennifer received a preferential transfer when she recorded the deed of trust before JMV Holdings, LLC filed its bankruptcy petition.**

As discussed in the Appellant's Brief, the bankruptcy court made the inconsistent conclusions of law that Jennifer Ruff *was* a creditor for purposes of concluding that she received a preferential transfer, but *not* a creditor for purposes of disallowing her proof of claim. Brief of Appellant p. 21. These two conclusions of law cannot be reconciled, which leads to the incontrovertible result that an error of law has occurred. Appellees respond by arguing that the bankruptcy court did find

---

[13] The Arbitration Award states ""A constructive trust exists and is imposed in favor of Suzann Ruff on . . . *any interest of whatever nature Michael has* in the entities listed on Exhibit A"[emphasis added]. R. 139.

[14] Conclusion of law no. 25, R. 1122.

[15] Appellants misleadingly rephrase the issue as "Whether the Bankruptcy Courts finding of fact that the Arbitration Award and Judgement traced Michael's misappropriated assets to JMV was clearly erroneous." Appellees' Brief, p. 18.

Jennifer to be a creditor, although only to the extent of $15,000.00 on her $743,811.82 claim.[16] Brief of Appellees p. 19. Appellant submits that calling Appellant a "creditor" for purposes of this issue when the bankruptcy court disallowed 98% of her claim is a convenient way of avoiding this inconsistency. The fact remains that the bankruptcy court materially disallowed the Appellant's proof of claim.

**G.     The bankruptcy court erred in disallowing Appellant's proof of claim.**

The bankruptcy court disallowed Jennifer Ruff's proof of claim in the amount of $743,811.82, with the exception of $15,000.00. In doing so, the Court concluded that:

> a. Jennifer has received an avoidable transfer under § 547(b);
> b. Jennifer did not loan $200,000 to JMV to purchase the Joyce Way Property;
> c. Jennifer did not make any advances to JMV to pay for home improvements, property taxes, insurance, utilities or maintenance; and
> d. Jennifer is not entitled to interest that allegedly accrued prior to the signing of the Note.

Conclusion of law No. 44, R. 1127.

The Court did this although the <u>uncontroverted</u> testimony of Michael and Jennifer Ruff was that Michael gifted his separate property in the form of cash to Jennifer so that she could, and did, loan the money to the Debtor to purchase the Joyce Way Property with her separate property, and that Jennifer loaned her separate funds for the payment of expenses of maintaining the Property. The bankruptcy court made no finding of fact in this regard, and the Appellees cannot point to one. The best Appellees can do is assert that "the Bankruptcy Court had a solid basis to conclude that Jennifer's separate property was not the source of the funds to purchase the Joyce Way Property". Brief of Appellees at p. 2. This is not a reference to a fact finding, because none

---

[16] This $15,000 was loaned by the Appellant to JMV just prior to the filing of the bankruptcy case for the purpose of paying attorney fees to be incurred after the case was filed. R-1131.

exists. The bankruptcy court did not find that Michael and Jennifer's testimony was not credible, it simply concluded as a matter of law that it was wrong, with nothing to support that conclusion.

The proper standard of review of this conclusion of law is *de novo*, not "clearly erroneous" as the Appellees assert. See Appellee's Brief, p. 21. Under the *de novo* standard, this Court should review the record for itself to confirm that no evidence of any kind was introduced to refute the testimony that Jennifer's claims were valid. Once it does so, the Court will find the bankruptcy court erred in disallowing Jennifer's proof of claim.

## IV.  CONCLUSION

Based on the foregoing, Appellant requests this Court to reverse the judgment of the bankruptcy court and grant all further relief to which Appellant may show herself entitled.

Dated: July 18, 2022.

Respectfully submitted,

  */s/ Joyce W. Lindauer*
Joyce W. Lindauer
State Bar No. 21555700

Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
joyce@joycelindauer.com
**ATTORNEYS FOR APPELLANT**

## CERTIFICATE OF COMPLIANCE

The undersigned certifies this brief complies with the type-face and length requirements of Bankruptcy Rule 8015(a)(7). This brief contains 4,032 words, as calculated by Microsoft Word, the program used to prepare this document.

  */s/ Joyce W. Lindauer*
Joyce W. Lindauer

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 18, 2022, a true and correct copy of the foregoing document was served via email pursuant to the Court's ECF system upon all parties receiving electronic notice in this case.

          */s/ Joyce W. Lindauer*
          Joyce W. Lindauer