# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| JENNIFER C. RUFF | § | |
| | § | |
| *Appellant,* | § | Civil Action No. 4:22-cv-00321 |
| | § | Judge Mazzant |
| v. | § | |
| | § | |
| SUZANN RUFF and CHRISTOPHER MOSER, TRUSTEE | § | |
| | § | |
| | § | |
| | § | |
| *Appellees.* | § | |

## **MEMORANDUM OPINION AND ORDER**

Pending before the Court is Appellant Jennifer C. Ruff's Motion to Modify Bankruptcy Court's Order for Stay Pending Appeal (Dkt. #7). Having considered the motion and the relevant pleadings, the Court finds that the motion should be **DENIED**.

## BACKGROUND

This case stems from an adversary proceeding brought before the United States Bankruptcy Court for the Eastern District of Texas (the "Adversary Case"). *See Ruff v. Ruff*, Adv. Case No. 21-4003, (Bankr. E.D. Tex. Jan. 11, 2021) (Adversary Case No. 21-4003, Dkt. #1).

On November 9, 2018, JMV Holdings LLC filed for Chapter 11 bankruptcy (the "Main Case"). *In re JMV Holdings, LLC,* Case No. 18-42552, (Bankr. E.D. Tex. Nov. 9, 2018) (Main Case No. 18-42552, Dkt. #1). On May 15, 2019, the Bankruptcy Court converted the Main Case into a Chapter 7 liquidation proceeding and appointed Appellee Christopher Moser to act as the Chapter 7 Trustee (Main Case No. 18-42552, Dkt. #25).

Appellant Jennifer Ruff appeared in the Main Case as a secured creditor of JMV Holdings (Main Case No. 18-42552, Dkt. #52). Likewise, Appellee Suzann Ruff appeared as an unsecured creditor, asserting an equitable interest in JMV Holdings and its purported assets based on a

constructive trust from a related judgment that preceded the Main Case (Main Case No. 18-42552, Dkt. #71).

On January 11, 2021, Appellant initiated the Adversary Case, in which she sought a declaratory judgment stating that Appellee Ruff's equitable interests were not attached to or enforceable against the assets of JMV Holdings (Adversary Case No. 21-4003, Dkt. #1).  The Adversary Case proceeded to trial on December 28, 2021 (Adversary Case No. 21-4003, Dkt. #56). On March 31, 2022, the Bankruptcy Court entered a judgment denying Appellant's request for a declaratory judgment (Adversary Case No. 21-4003, Dkt. #57).  In issuing its Findings of Fact and Conclusions of Law, the Bankruptcy Court determined that Appellee Ruff was entitled to recover $417,000 in proceeds from the sale of real property that was subject to Appellee Ruff's constructive trust (Adversary Case No. 21-4003, Dkt. #56).  Subsequently, Appellant filed a notice of appeal on April 14, 2022 (Adversary Case No. 21-4003, Dkt. #57).

In response, the Trustee moved to disburse the proceeds to Appellee Ruff on May 6, 2022 (Main Case No. 18-42552, Dkt. #90).  On the same day, Appellant moved for a stay pending appeal pursuant to Bankruptcy Rule 8007 (Adversary Case No. 21-4003, Dkt. #69).

The Bankruptcy Court held a consolidated hearing on both motions on June 2, 2022 (Adversary Case No. 21-4003, Dkt. #84).  At that hearing, Appellant indicated that she would be willing to post a bond to secure a stay of the case pending appeal (Adversary Case No. 21-4003, Dkt. #84 at p. 49).  Appellant also acknowledged that the bond amount was ultimately within the discretion of the Bankruptcy Court (Adversary Case No. 21-4003, Dkt. #84 at p. 55).  At the conclusion of the hearing, the Bankruptcy Court held that, although Appellant failed to show a likelihood of success on the merits of her appeal, a stay was warranted because Appellant agreed to post a bond (Adversary Case No. 21-4003, Dkt. #84 at p. 67).

Accordingly, the Bankruptcy Court stayed all proceedings in the Adversary Case and ordered Appellant to post a cash bond in the amount of $57,900, to be held with the Trustee, who is already in possession of the $417,000 in sale proceeds determined to be subject to the constructive trust held by Appellee Suzann Ruff (Adversary Case No. 21-4003, Dkt. #81).[1] Appellant now asks the Court to modify the Bankruptcy Court's stay order (Dkt. #7).

## LEGAL STANARD

A district court has jurisdiction to hear appeals from "final judgments, orders, and decrees" of a bankruptcy court. 28 U.S.C. § 158(a)(1). A bankruptcy court's "findings of fact are reviewed for clear error and conclusions of law are reviewed de novo." *Drive Fin. Servs., L.P. v. Jordan*, 521 F.3d 343, 346 (5th Cir. 2008); *see also In re Soileau*, 488 F.3d 302, 305 (5th Cir. 2007); *Ferrell v. Countryman*, 398 B.R. 857, 862 (E.D. Tex. 2009).

In the context of a stay pending appeal, the decision to enter the stay is committed to the discretion of the bankruptcy court. *Cf. In re First South Sav. Assoc.*, 820 F.2d 700, 709 (5th Cir. 1987). Ordinarily, the court must consider four factors in exercising its discretion to grant a stay pending appeal: (1) whether the movant has made a showing of likelihood of success on the merits; (2) whether movant has made a showing of irreparable harm if the stay is not granted; (3) whether the granting of the stay would substantially harm other parties; and (4) whether the granting of the stay would serve the public interest. *Id.* (citing *Ruiz v. Estelle*, 666 F.2d 854, 856 (5th Cir. 1982)). The bankruptcy court may also condition its entry of a stay on the appellant's entry of a bond "or other security." FED. R. BANKR. P. 8007(c) ("The [court] may condition relief on filing a bond or other security with the bankruptcy court."). The bankruptcy court's decision to enter a stay will generally be overturned or modified only if it is found to be an abuse of

---

[1] The Bankruptcy Court arrived at this bond amount using a five-percent interest rate, which, as Appellant acknowledged, was the current rate at the time (Adversary Case No. 21-4003, Dkt. #84 at pp. 66–67).

discretion. *See In re Silva*, No. 21-55873, 2022 WL 2340802, at *1 (9th Cir. June 29, 2022); *Revel AC, Inc. v. IDEA Boardwalk LLC*, 802 F.3d 558, 567 (3d Cir. 2015).[2]

Federal Rule of Bankruptcy Procedure 8007 governs the procedure for stays of bankruptcy court orders pending appeal. Ordinarily, a party must first move for a stay of a bankruptcy court judgment or order in the bankruptcy court. FED. R. BANKR. P. 8007(a)(1)(A). A party may also move for a stay, or an order modifying or vacating a stay, in the district court where the appeal is pending, but the motion must show why the relief, modification, or termination was not obtained from the bankruptcy court. FED. R. BANKR. P. 8007(b)(1). Indeed, in seeking relief from the district court, a party must "show that moving first in the bankruptcy court would be impracticable" or, if the motion was originally made in the district court, the motion in the district court must "either state that the [bankruptcy] court has not yet ruled on the motion, or state that the court has ruled and set out any reasons given for the ruling." FED. R. BANKR. P. 8007(b)(2)(a)–(b).

## ANALYSIS

I. **Appellant Failed to Comply with Federal Rule of Bankruptcy Procedure 8007(b)(2)**

As an initial matter, Appellant failed to comply with Rule 8007(b)(2). The requirements of Rule 8007(b)(2) apply both to motions to stay a case *and* motions to vacate or modify a bankruptcy court's granting a stay. FED. R. BANKR. P. 8007(b)(1). Appellant did not seek a modification from the Bankruptcy Court before moving in this Court. Thus, Rule 8007(b)(2) mandates that Appellant must explain how moving first in the Bankruptcy Court was

---

[2] There is some discord over the standard of review applied by a district court when reviewing a bankruptcy court's decision to grant or deny a stay pending appeal. *See* 10 COLLIER ON BANKRUPTCY ¶ 8007.08 (Richard Levin & Henry J. Sommer eds. 16th ed.). Generally, the review of a bankruptcy court's decision to grant or deny a stay is limited to "a simple determination of whether the bankruptcy court abused its discretion." *Dynamic Fin. Corp. v. Kipperman (In re N. Plaza, LLC)*, 395 B.R. 113, 119 (S.D. Cal. 2008). That said, some courts have held that a bankruptcy court's determination of the movant's likelihood of success on the merits is a "purely legal determination" that is subject to *de novo* review. *Revel AC*, 802 F.3d at 567. Here, Appellant does not question the Bankruptcy Court's determination that Appellant is unlikely to succeed on the merits of her appeal, so the Court applies an abuse of discretion standard to the Bankruptcy Court's decision to order a stay.

impracticable. FED. R. BANKR. P. 8007(b)(2)(a). Appellant made no attempt to do so. This failure alone is grounds for denying Appellant's motion to modify the Bankruptcy Court's order. *Glassel v. Seamless Operating Group, LLC*, No. 12-3455, 2013 WL 12108137, at *2 (S.D. Tex. June 6, 2013) (holding that a party's failure to comply with Rule 8007(b)(2) is grounds for denying a motion filed in the district court); *see also* 10 COLLIER ON BANKRUPTCY, *supra*, at ¶ 8007.08 ("Failure to present the motion in the bankruptcy court in the first instance will ordinarily result in denial of a motion . . . filed with the district court").

**II.     Appellant Has Also Failed to Show That the Bankruptcy Court Abused Its Discretion**

Even if Appellant did comply with Rule 8007(b)(2), her motion would still fail because she has not shown that the Bankruptcy Court abused its discretion. In effect, Appellant seeks to modify the form and the amount of the bond set by the Bankruptcy Court. Specifically, Appellant asks the Court to enter an order that reduces the amount of the appeal bond, allows for the posting of a surety bond instead of a cash bond, and allows for the surety bond to be posted in the registry of Bankruptcy Court rather than with the Trustee.

The granting of a stay pending appeal under Bankruptcy Rule 8007 is an "extraordinary remedy" that is not granted as a matter of right. *See, e.g.*, *In re Woide*, 730 F App'x 731, 737 (11th Cir. 2018). That said, a bankruptcy court may, in its discretion, enter a stay that is conditioned upon the appellant's entry of a bond or other security. FED. R. BANKR. P. 8007(c). The purpose of such a bond is to "is to indemnify the party prevailing in the original action against loss caused by an unsuccessful attempt to reverse the holding of the bankruptcy court." *In re Motors Liquidation Co.*, 539 B.R. 676, 686 (Bankr. S.D.N.Y. 2015) (citing *In re Tribune Media Co.*, 799 F.3d 272, 281 (3d Cir. 2015)). Accordingly, "[t]he form, the amount and the sufficiency of that security are generally matters within the discretion of and for determination by the

bankruptcy court." *In re Gleasman*, 111 B.R. 595, 602 (Bankr. W.D. Tex. 1990). *See also In re Pine Lake Vill. Apartment Co.*, 21 B.R. 395, 398 (S.D.N.Y. 1982) (noting that "the bankruptcy judge's decision concerning the need for, and appropriate amount of the bond is entitled to considerable weight").

Here, the Bankruptcy Court concluded that, although Appellant failed to show a likelihood of success on the merits of her appeal, a stay was warranted because Appellant agreed to post a bond (Adversary Case No. 21-4003, Dkt. #81). And so, to secure the stay that Appellant sought, the Bankruptcy Court entered a bond sufficient to protect the Appellees from "the costs that will be charged against the disputed funds during the appeal" (Adversary Case No. 21-4003, Dkt. #81). Specifically, the Bankruptcy Court ordered that Appellant post a cash bond in the amount of $57,900. This bond—which is significantly less than the total amount of the judgment at issue[3]—is sufficient to indemnify the Appellees against any loss caused by the costs of the appeal. *In re Motors Liquidation Co.*, 539 B.R. at 686.

Rule 8007 also affords bankruptcy courts significant discretion in determining the form of a bond or security. *In re Gleasman*, 111 B.R. at 602. After all, the issuance of a bond or other security accompanying a stay pending appeal is entirely permissive. *See, e.g., In re Sindesmos Hellinikes-Kinotitos of Chicago*, 607 B.R. 898, 913 (Bankr. N.D. Ill. 2019). Indeed, Rule 8007 affords courts the discretion to fashion a "security" other than a bond as necessary to secure a stay pending appeal. FED. R. BANKR. P. 8007(c). For these reasons, the Court concludes that the appropriate form of the bond or security is a decision best left to the Bankruptcy Court.

---

[3] Typically, "a bond or other security staying the execution of a money judgment shall be in the amount of the judgment, plus 20% of that amount cover interest and any award of damages for delay, plus $250.00 to cover costs." Local Rule CV-62(a). *See also Bray v. Fort Dearborn Life Ins. Co.*, No. 3:06-CV-0560, 2007 WL 9711578, at *1 (N.D. Tex. Dec. 28, 2007) ("A bond for the full amount of the money judgment is required unless the moving party objectively demonstrates that the court should depart from this amount.").

Ultimately, the Bankruptcy Court decided that a cash bond to be posted with the Trustee was appropriate given the fact that the Trustee already holds the sale proceeds at issue in the Adversary Case. The Bankruptcy Court reached this decision after Appellant stated that she would be willing to post a bond to "acquire a stay," noting that a bond was "cheaper" than having to "chase money" if Appellant prevails on the merits of her appeal (Adversary Case No. 21-4003, Dkt. #84 at p. 49). Appellant also expressly acknowledged that the amount of the Bond was a matter within the discretion of the Court, and it was Appellant who asserted that the prevailing interest rate was five percent (Adversary Case No. 21-4003, Dkt. #84 at pp. 65; 67). Given these statements, Appellant can hardly complain about the form and amount of a bond that she explicitly requested when she would not be entitled to the "extraordinary remedy" of a stay otherwise. *See Saldana v. Saldana*, No. 3:15-CV-1918, 2015 WL 5021415, at *2 (N.D. Tex. Aug. 25, 2015) (noting that a stay pending appeal is an "extraordinary remedy" that is not granted as a matter of right).

Thus, given the "considerable weight" to which the Bankruptcy Court's decision is entitled, the Court finds that Bankruptcy Court did not abuse its discretion. *In re Pine Lake*, 21 B.R. at 398.

## CONCLUSION

It is therefore **ORDERED** that Appellant's Motion to Modify Bankruptcy Court's Order for Stay Pending Appeal is **DENIED** (Dkt. #7).

**IT IS SO ORDERED.**
**SIGNED this 20th day of March, 2023.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE